COBB, Judge.
Danny Rolling was convicted in Marion County of robbery with a firearm, possession of a firearm by a convicted felon and fleeing or eluding a law enforcement official. He appeals from an order purportedly imposing a lien in favor of the state on any proceeds received by him from any literary, cinematic or other account of these offenses.
We do not reach the constitutional issue. We simply quash the action of the trial court, which purported to grant a “lien” in a closed criminal case based upon section 944.512, Florida Statutes (1993). Subsection (1) of that statute provides:
A lien prior in dignity to all others shall exist in favor of the state upon royalties, commission, proceeds of sale, or any other thing of value payable to or accruing to a convicted felon or a person on his behalf, including any person to whom the proceeds may be transferred or assigned by gift or otherwise, from any literary, cinematic, or other account of the crime for which he was convicted. A conviction shall be defined as a guilty verdict by a jury or judge, or a guilty or nolo contendere plea by the defendant, regardless of adjudication of guilt. The lien shall attach at the time of the conviction in county or circuit court. In the event of an appeal, the funds will be held in the Revolving Escrow Trust Fund of the Department of Legal Affairs until the appeal is resolved. (Emphasis added).
In the instant case there are no “royalties, commissions, proceeds of sale, or any other thing of value payable to or accruing to” Rolling or to anyone else as a result of his criminal activity in Marion County, and it is highly improbable that there ever will be. There is no “literary, cinematic, or other account” of such Marion County crimes, either currently or prospectively. The statute provides that any such lien “shall attach at the time of conviction....” While that point in time may serve as a benchmark in respect to competing claims once a res exists for attachment of a lien, in the interim there is
*231 no lien and no justiciable issue for resolution by the Circuit Court of Marion County. As observed by Justice Ellis in the case of Case v. Texas Co., 115 Fla. 668, 156 So. 137, 141 (1934):
It is axiomatic that a lien cannot exist until the amount for which it is security is ascertained or capable of ascertainment. It is a charge upon property for the payment or discharge of a debt or duty. 17 R.C.L. 596; 37 C.J. 311.
Moreover, even assuming the existence of a res, any such lien attaches automatically under the statute, leaving the action of the trial judge in the instant case superfluous. At such time as something of value accrues to Rolling as a result of his criminal activities in Marion County, the constitutionality of section 944.512 may be raised in an appropriate action, presumably via declaratory judgment or attempted enforcement of the lien.
We decline to enter an advisory opinion as to the constitutionality of section 944.512.
QUASHED.
HARRIS, C.J., and DAUKSCH, J., concur.